**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BETTY MIERS,

          Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

Case No. 2:15–cv–1229–JAD–VCF

**<u>REPORT & RECOMMENDATION</u>**

      This matter involves Claimant Betty Miers' appeal from Defendant Carolyn W. Colvin's final decision denying Desrosiers social security benefits. Before the court is Miers' Motion for Remand/Reversal, (ECF No. 12) the Commissioner's response and cross-motion to affirm (ECF No. 16). For the reasons stated below, the court recommends that Miers' case be remanded to the ALJ.

**I. STANDARD OF REVIEW**

      Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). The Social Security Act authorizes the District Court to review the Commissioner's final decision denying benefits. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

      The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See*, e.g., *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## II. DISCUSSION

The parties present two issues: (1) whether the ALJ offered specific, clear, and convincing reasons for rejecting Miers' pain testimony; and (2) whether the administrative law judge (ALJ) gave specific and legitimate reasons for discounting the opinions of Miers' examining physicians.

1. <u>The ALJ Did Not Give Specific, Clear, and Convincing Reasons to Reject Mier's Pain Testimony</u>

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995).

"Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir.1989). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

2

"[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (holding that it was improper for an ALJ to discredit a claimant's pain testimony because it was not "supported by the medical evidence of record.").

The ALJ's summarily discredited Mier's pain testimony when he stated "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (ECF No. 11-1 at 32). This statement does not provide the clear and convincing reasons required to discredit Mier's pain testimony. At best, it is a general finding that forced this court to speculate on the reasons for his rejection of Mier's pain testimony.

The Commissioner argues that the ALJ's references to Mier's pain during his discussion of relevant medical opinions constitute the clear and convincing reasons for discrediting Mier's pain testimony. The Commissioner's argument requires this court to impermissible speculate about the ALJ's reasoning. *See Bunnell*, 947 F.2d at 346. The statement "for the reasons explained in this decision" could refer to the analysis of relevant medical opinions or the discussion of a third party function report. Since the ALJ's general finding did not link the incredible portions of Miers' testimony to specific evidence, the ALJ failed to give clear and convincing reasons for discrediting Miers' pain testimony. *Lester*, 81 F.3d at 834.

2. <u>The ALJ Gave Specific, Legitimate Reasons for Rejecting the Opinions of Dr. Cestkowski and Dr. Holper</u>

"An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). This standard will be met if the ALJ summarizes "the facts and conflicting clinical evidence in

3

detailed and thorough fashion, stating his interpretation and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989)

    i. *Dr. Cestkowski*

The ALJ gave specific, legitimate reasons for giving less weight to Dr. Cestkowski's opinions. Inconsistencies between a physician's conclusions and the claimant's medical history is a specific and legitimate reasons for disregarding the physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Dr. Cestkowski opined Miers' could "sit for one hour at a time for a total of eight hours [and] stand for 45 minutes at a time for a total of six hours." (ECF No. 11-1 at 32.) The doctor also noted in his report that Miers' pain was well managed with treatment and despite her pain, Miers was able to do household tasks such as washing dishes and folding laundry. (ECF No. 11-1 at 697) This inconsistency between Dr. Cestkowski's conclusion and Mier's medical history was a specific, legitimate reason for the ALJ to give less weight to this portion of the doctor's opinion. *See Tommasetti*, 533 F.3d at 1041.

Dr. Cestkowski also opined that Miers' was limited to "occasional bilateral reaching, handling, fingering, feeling, pushing, and pulling." (ECF No. 11-1 at 697) In the same report Dr. Cestkowski stated that Miers "could make a fist with both hands" and "had good digital dexterity techniques of both hands." This inconsistency between Dr. Cestkowski's conclusion and his observations of Miers was a specific, legitimate reason the ALJ to give less weight to this portion of the doctor's opinion.

    ii. *Dr. Holper*

The ALJ gave a specific, legitimate reason for rejecting Dr. Holper's opinion. The ALJ rejected Dr. Holper's opinion because it (1) appeared like patient advocacy and (2) was inconsistent with Dr. Cestkowski' opinion.

The ALJ's first reason for rejecting the opinion is not valid. The ALJ "may not assume that doctors routinely lie in order to help their patient collect disability benefits. *Lester*, 81 F.3d at 832. The ALJ may not disregard a doctor's opinion based on suspected bias without "evidence of actual improprieties." *See id.* While the ALJ may believe that Dr. Holper merely advocated for his patient, the Commissioner did not present any evidence that Dr. Holper actually acted improperly. Without evidence of actual improprieties, the ALJ was not permitted to reject Dr. Holper's opinion based on its appearance of patient advocacy. *See id.*

The ALJ's second reason for rejecting the opinion is a valid reason. If an examining physician bases his opinion on his own independent examination of the claimant, his opinion may serve as a specific, legitimate reason for rejecting another examining physician's opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Cestkowski conduced his own independent examination of Miers (ECF No. 11-1 at 696). The ALJ therefore properly relied on Dr. Cestkowski's opinion when he rejected Dr. Holper's opinion.

3. <u>Remand for Further Proceedings</u>

Generally, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). If a social security case meets three criteria, a district court may credit as true the improperly discredited evidence and remand for an award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credit as true, the ALJ would be required to find the claimant disabled on remand.
>
> *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

The court should not remand for an award of benefits. Even crediting as true Miers' pain testimony, it is not clear from the record that the ALJ would be required to find Miers' disabled on remand. *See id.* The record is incomplete. For example, Miers' administrative hearing, the vocational expert was not asked to forecast Miers' employment prospects while assuming her pain testimony was true. (ECF No. 11-1 at 60-62)

The court should not remand solely for an award of benefits, but it should not allow the ALJ to reevaluate the Mier's credibility either. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (declining to create an unfair "heads we win; tails, let's play again" system of disability benefits). On remand, the ALJ should be instructed to credit as true Miers' pain testimony and then determine if Miers is disabled.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Miers' Motion for Reversal and/or Remand (ECF No. 12) be GRANTED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 16) be DENIED.

IT IS SO RECOMMENDED.

DATED this 24th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE