# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Betty Miers, | 2:15-cv-01229-JAD-VCF |
| Plaintiff | **Order and Judgment Affirming Denial of Social Security Benefits** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | [ECF Nos. 12, 16, 17, 18] |
| Defendant | |

Betty Miers applied for disability insurance based on her various physical impairments.[1] The Social Security Administration (the "Commissioner") denied her application,[2] and an Administrative Law Judge upheld the agency's decision.[3] The ALJ's decision therefore became the Commissioner's final decision. Miers now seeks judicial review of that decision, arguing that I should reverse it or remand the case back to the Commissioner.

I referred this case to Magistrate Judge Ferenbach for findings and recommendations on Miers's motion to remand and the Commissioner's cross-motion to affirm the denial. After thoroughly evaluating the parties' arguments, Judge Ferenbach agreed with much of the ALJ's decision, but he ultimately recommends that I remand based on the ALJ's decision to find Miers less than completely credible.[4] The Commissioner objects.[5] Although I agree with Judge Ferenbach on most points, I find that the ALJ's credibility determination (if less than ideal) passes muster under the governing standard. Because the ALJ's decision was supported by substantial evidence and not

---

[1] ECF No. 11-1 at 25–31.

[2] *Id.* at 149–52, 156–62.

[3] *Id.* at 19–30.

[4] ECF No. 28.

[5] ECF No. 29.

based on legal error, I deny Miers's motion and grant the Commissioner's motion to affirm.[6]

## Discussion

Miers originally challenged two portions of the ALJ's decision: (1) the finding that Miers's subjective allegations about her limitations were not entirely credible, and (2) the decision to give less weight to two of Miers's consulting physicians (Drs. Cestkowski and Holper). Judge Ferenbach found that the ALJ erred when he decided that Miers was not entirely credible because he was not specific enough in his findings. But Judge Ferenbach found that the ALJ properly gave less weight to those two consulting doctors. Neither party contests this latter portion of Judge Ferenbach's recommendation, and so I address it only briefly. I then turn to the parties' principal debate: the ALJ's credibility determination.

### A.   Legal standard for reviewing the Commissioner's disability decision.

I may set the ALJ's determination aside only if his finding is not supported by substantial evidence or is based on legal error.[7] "Substantial evidence means more than a scintilla but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion."[8] If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm.[9] I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[10] I may also order the Commissioner to collect additional evidence, "but only upon a showing that there is new [material] evidence . . . [and] good cause for the failure to incorporate [that] evidence into the record in a prior proceeding."[11]

---

[6] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-1.

[7] *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

[8] *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[9] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

[10] 42 U.S.C. § 405(g).

[11] *Id.*

Miers is entitled to disability benefits under the Social Security Act if she (a) "suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders [her] incapable of performing the work . . . [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy."[12]  If Miers demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Miers can perform a significant number of other jobs that exist in the national economy.[13]

**B. The ALJ did not err in giving less weight to two of the doctors' opinions.**

Neither party objected to the portion of Judge Ferenbach's finding that the ALJ properly discounted the opinion of two of Miers's consultive doctors (Drs. Cestkowski and Holper).  The parties have thus waived any challenge they might have on this issue.[14]  In any event, after reviewing the record de novo, I find that this portion of the ALJ's decision was supported by substantial evidence.  An ALJ can reject the opinion of one non-treating physician in favor of another non-treating physician as long as the he provides "specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence."[15]  And the ALJ provided those reasons here, identifying specific portions of the record—including Miers's ability to carry out daily activities and opinions from Miers's other non-treating physicians—that contradicted Drs. Cestkowski and Holper's opinions.

**C.     Although not ideal, the ALJ's credibility findings were specific enough to pass muster.**

Miers argues that the ALJ erred by not providing specific enough findings to support his decision to give Miers's subjective allegations less weight.  This portion of the ALJ's decision is admittedly less than ideal: he does not provide a lengthy discussion of his reasoning for discounting

---

[12] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

[13] *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007).

[14] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[15] *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

some of Miers's subjective claims about her limitations. That said, I find that the ALJ's findings are specific enough under the governing standard.

"If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."[16] In deciding how much to credit a claimant's testimony, the ALJ considers, among other things: "[claimaint's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."[17]

The ALJ began its decision by articulating the proper legal standards for considering and rejecting Miers's subjective claims, stating: "I must make a finding on the credibility" regarding any "statements about the intensity, persistence, or functionally limited effects of pain or other symptoms."[18] The ALJ did not completely discount Miers's subjective claims. The ALJ acknowledged that Miers suffered from several ailments resulting in severe impairments. He even noted that her impairments "could reasonably be expected to cause [her] alleged symptoms." The ALJ found only that Miers's allegations about the "intensity, persistence and limiting effects of these symptoms" were "not entirely credible."[19]

Reading the ALJ's decision as a whole, this finding was sufficiently supported. The ALJ rejected Miers's subjective allegations about her limitations based on (1) medical evidence in the record that contradicted Miers's testimony, and (2) contradictory evidence about her ability to carry out daily life activities.

First, the ALJ can rely on contradictions between objective medical evidence and a

---

[16] *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (quotation omitted).

[17] *Id.* (quotation omitted).

[18] ECF No. 11-1 at 30.

[19] *Id.* at 32.

claimant's allegations as one basis for his credibility finding.[20] The ALJ here stated that he was giving less weight to Miers's testimony immediately before he identified objective medical findings that expressly contradicted this testimony. Although the ALJ did not state after each of these contradictory findings that they were, indeed, contradictory, his acknowledgment of each of Miers's specific allegations, followed by his decision to give "great weight" to objective medical evidence expressly contradicting Miers's allegations—makes it clear the "ALJ did not arbitrarily discredit [Miers's] testimony."[21] And this is all the law requires.

For example, the ALJ carefully summarized each of Miers's subjective allegations, noting that Miers claimed that she:

- could not work because of her impairments;
- suffered from increased pain if she sat for more than 15 minutes, stood for more than 5 minutes, walked for 5 to 10 minutes, bent, lifted, or took the stairs;
- had trouble holding objects;
- suffered from pain fluctuating between 6/10 to 10/10;
- took various medications; and,
- had upper extremity pain in her neck, forearm, and hand.[22]

After identifying each of these subjective allegations, the ALJ stated that some of her allegations were "not entirely credible"—then he immediately proceeded to summarize Miers's consultive doctors' findings that *expressly contradicted these portions of Miers's testimony*. For example, the ALJ stated that he gave "great weight" to Drs. Arnow and Karelitz when they found that Miers could sit for six hours, walk for two hours, that she could lift ten pounds frequently, and that she could climb stairs.[23] I need not speculate that this objective medical evidence—which the ALJ

---

[20] *See* 20 C.F.R. § 416.929(c)(2); *Carmickle v. Comm'r of Soc. Sec.,* 533 F.3d 1155, 1161 (9th Cir. 2008).

[21] *Id.*

[22] *Id.*

[23] ECF No. 11-1 at 32.

credited—expressly contradicted portions of Miers's testimony.

And that's not all; the ALJ provided other specific reasons for rejecting some of Miers's story. Miers contends that the only time that the ALJ specifically mentioned her credibility was when he generally stated that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision."[24] But not so. First, the ALJ expressly stated that Miers's allegations about her pain and limitations were contradicted by the consultive medical evidence he had just reviewed, stating that his decision about Miers's functioning was supported by her ongoing treatment and the consultive doctors' findings about her ability to use her upper extremities "despite [Miers's] reports of pain and fatigue."[25] In other words, Miers's testimony about her pain and fatigue (being too fatigued or pained to walk, sit, stand, lift, etc.) contradicted the evidence of her ongoing treatment[26] and the objective medical findings that the ALJ gave greater weight to.

And the ALJ provided more specific reasons for rejecting some of Miers's testimony. The ALJ stated that Miers's claim that she could not hold things was contradicted by Dr. Cestkowski's findings that she had "good digital dexterity and could make a fist with both hands."[27] The ALJ stated that Miers's daily activities (including evidence that she could clean, make dinner, drive, walk, and shop) indicated she was "not wholly precluded from basic work activities."[28] The only person who ever suggested that Miers was completely precluded from carrying out work activities was Miers herself.[29] The ALJ was thus identifying a contradiction to her testimony—another proper

---

[24] *Id.* at 32.

[25] *Id.* at 33.

[26] The ALJ cited to Miers's positive response to her treatment, which resulted in her having mostly intact sensation and normal motor strength. *Id*. at 32.

[27] *Id.* at 30.

[28] *Id.* at 32.

[29] *Id.* at 30 ("According to claimant, her impairments preclude her from performing work activities.").

basis for finding Miers less than completely credible.[30]  Finally, the ALJ noted that he considered Miers's claim that she experienced gradual worsening of pain over the prior years in light of the fact that there was no "intervening trauma" during that time.[31]

Miers seems to suggest that the ALJ was required to include an additional sentence after each contradictory finding that it, in fact, contradicted Miers's testimony—and that the ALJ was required to state that this contradiction was why he discounted her testimony.  But as explained above, the ALJ provided several specific reasons for giving less weight to Miers's testimony, including that the consultive examination indicated that she had more functioning than her reports of "pain and fatigue" suggested, that her claims about holding things was contradicted by Dr. Cestkowski's findings, and that her claim that she could not do basic work activities was contradicted by evidence of her daily activities.  And finally, the ALJ's decision as a whole leaves no doubt that the he credited the consultive examiners' findings over Miers's subjective claims—findings that expressly refuted portions of Miers's testimony.  I need not conduct fact-finding to recognize that the ALJ's findings were based on these obvious contradictions.[32]

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Betty Miers's **Motion for Remand [ECF 12] is DENIED**, and the defendant's **Objections to Magistrate Judge Ferenbach's Report and Recommendation [ECF 18] are sustained**.

---

[30] *See* 20 C.F.R. § 416.929(c)(3)(i); *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009).

[31] ECF No. 11-1 at 30.

[32] Miers's cited authority is unhelpful.  In *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996), the Ninth Circuit reversed an ALJ's credibility finding because it was based on the claimant's failure to offer objective medical evidence supporting her testimony—the court did not need to address how specific the ALJ's findings must be, or the case here, where objective evidence contradicted the claimant.  The only other case on point, *Winans v. Bowen*, is easily distinguishable.  The Ninth Circuit held that an ALJ was wrong to ignore a treating physician's opinion because the ALJ provided no reason to support his decision.  853 F.2d 643, 644–45 (9th Cir. 1987).  The Ninth Circuit reviewed the entire record, but it could "find nothing in the ALJ's decision which indicate[d] why [the treating physician's] medical findings, reports, and opinion were disregarded." *Id.*

IT IS FURTHER ORDERED **that Magistrate Judge Ferenbach's Report and Recommendation [ECF 17] is ADOPTED IN PART AND REJECTED IN PART and the Commissioner's Cross-Motion to Affirm [ECF 16] is Granted.**

Dated this 19th day of December, 2016

_____
Jennifer A. Dorsey
United States District Judge